**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4848**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DERRICK MAURICE HODGE,

Defendant - Appellant.



_____

**No. 09-5024**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHAD DYLAN GRANT,

Defendant - Appellant.



_____

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:07-cr-00377-WO-1; 1:07-cr-00377-WO-2)

_____

Submitted: March 31, 2011          Decided: April 11, 2011

_____

Before MOTZ, SHEDD, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

———————————

Robert A. Broadie, CAROLINA LEGAL SOLUTIONS, High Point, North Carolina; Eugene E. Lester, III, SHARPLESS & STAVOLA, PA, Greensboro, North Carolina, for Appellants. John W. Stone, Jr., Acting United States Attorney, Frank J. Chut, Jr., Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Derrick Maurice Hodge and Chad Dylan Grant pled guilty pursuant to plea agreements to one count of interference with commerce by threats or violence in violation of 18 U.S.C. § 1951 (2006). Defendants contend that the district court erred in calculating their advisory Guidelines ranges by assessing a two-level enhancement to their offense levels for their roles in the offense.

The district court's determination that a sentencing enhancement is warranted is a factual determination reviewed for clear error. United States v. Thorson, ___ F.3d ___, 2010 WL 5646048, at *3 (4th Cir. Jan. 28, 2011); United States v. Slade, 631 F.3d 185, 188 (4th Cir. 2011); United States v. Kellam, 568 F.3d 125, 147-48 (4th Cir.), cert. denied, 130 S. Ct. 657 (2009). Reversal for clear error is warranted only where we are left with the "definite and firm conviction that a mistake has been committed." United States v. Harvey, 532 F.3d 326, 337 (4th Cir. 2008) (internal quotation marks omitted).

A defendant qualifies for a two-level enhancement if he was an "organizer, leader, manager, or supervisor in any criminal activity" that did not involve five or more participants or was not otherwise extensive. U.S. Sentencing Guidelines Manual § 3B1.1(c) (2008). The leadership enhancement "is appropriate where the evidence demonstrates that

3

the defendant controlled the activities of other participants or exercised management responsibility." Slade, 631 F.3d at 190 (internal quotation marks omitted). The facts establishing the enhancement must be supported by a preponderance of the evidence. Harvey, 532 F.3d at 337.

We have reviewed the evidence of record and conclude that the district court did not clearly err in applying the enhancement. The testimony of co-conspirators at sentencing established that the Defendants directed co-conspirators in the robbery of a trailer load of cigarettes, paid others in the conspiracy, negotiated the sale of the stolen goods, and recruited participants in the crime. Defendants' contention that their roles in the offense were indistinguishable from the others involved is belied by the record, and we find that the district court's factual findings in this regard are supported by a preponderance of the evidence.

Next, Defendant Grant requests remand to the district court for amendment of his sentence under Fed. R. Crim. P. 36. Grant filed a Rule 36 motion in the district court while his case was on appeal, asking the court to add a recommendation that he be housed in a Bureau of Prisons facility as close as possible to his place of residence, and to allow him to participate in the inmate financial responsibility program. The district court acknowledged the oversight but denied the motion

4

without prejudice, as it was without jurisdiction to grant relief while the matter is on appeal. We decline to remand, as we note that Grant may refile his motion in the district court once this appeal has concluded.

Accordingly, we affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED